## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

**FCCI INSURANCE COMPANY,**

     **Plaintiffs,**

                                             **No.:**

**vs.**

**NICKSON GENERAL CONTRACTORS, INC.**

     **Defendants.**

---

### COMPLAINT FOR DECLARATORY JUDGMENT

---

       COMES NOW the Plaintiff, FCCI Insurance Company, by and through its attorneys, and for its Complaint against the Defendant, alleges the following:

### I.    NATURE OF THE CASE

1.   This is an action seeking a declaratory judgment and relief pursuant to 28 U.S.C.A § 2201 and Rule 57 of the Federal Rules of Civil Procedure, for the purpose of determining a question of actual controversy between the parties regarding available insurance coverage. The Complaint seeks a declaratory judgment that Plaintiff, an insurance company, is not obligated to indemnify, reimburse, compensate or otherwise pay Defendant for Defendant's claimed loss and damage in the amount of $381,986.83 that occurred on or about February 15, 2021.

2.   The Insurance Policy in question that relates to the Defendant's losses is CPP 100054976-01 (2/11/2021 to 2/11/2022), hereinafter the "Policy". A copy of the Policy is attached hereto and incorporated by reference herein as *Exhibit 1*.

1

## II.    JURISDICTION

3.    This declaratory judgment action is brought pursuant to 28 U.S.C.A § 2201 and Rule 57 of the Federal Rules of Civil Procedure. This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because the Parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and cost.

## III.    VENUE

4.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), as all events and/or omissions occurred in Shelby County, Tennessee, and Defendant was incorporated in and has its principal place of business in Shelby County, Tennessee, both of which are in the Western District of Tennessee.

## IV.    ACTUAL CONTROVERSY

5.    An actual controversy has arisen between Plaintiff and Defendant as to whether Plaintiff is obligated under the Policy to indemnify, reimburse, compensate or otherwise pay Defendant for the claimed loss and damage.

## V.    PARTIES

6.    At all times hereinafter mentioned, Plaintiff, FCCI Insurance Company was and is a corporation organized and existing under the laws of the State of Florida with its principal place of business at 6300 University Parkway, Sarasota, Florida, 34240, Sarasota County, State of Florida.

7.    At all times hereinafter mentioned, Defendant, Nickson General Contractors, Inc., was and is a corporation organized and existing under the laws of the State of Tennessee, with its principal place of business at 3686 Summer Ave, Memphis, Tennessee, 38122, Shelby

County, State of Tennessee. It may be served through its registered agent, Octavius Nickson at 3686 Summer Ave., Memphis, Tennessee, 38122.

## VI.    THE UNDERLYING ISSUE

8.  In December 2019, Defendant entered into a contract with the Memphis River Parks Partnership for certain construction work at the Cossitt Library located at 33 South Front Street, Memphis, Tennessee.

9.  On or about February 11, 2021, Plaintiff issued the Policy to Defendant, bearing policy number CPP 100054976-01, with an effective period of February 11, 2021 to February 11, 2022.

10. Upon information and belief, on or about February 15, 2021, electrical, mechanical, and plumbing equipment located at 33 South Front Street, Memphis, Tennessee, sustained significant damage as a result of a frozen water pipe bursting and releasing water.

11. Defendant submitted a claim to Plaintiff for loss and damage to the certain electrical, mechanical, and plumbing equipment as a result of the frozen water pipe bursting and releasing water.

12. Upon information and belief, and upon representations by Defendant, all relevant equipment damaged by the frozen pipe bursting was purchased by parties other than Defendant Nickson General Contractors, Inc., and was intended to be installed by parties other than Defendant Nickson General Contractors, Inc.

13. By letter dated June 29, 2021, (hereinafter referred to as *Exhibit 2*) Plaintiff informed Defendant that there was no coverage available under Policy CPP 100054976-01.

14. Defendant contests Plaintiff's denial of coverage, claiming that the policy should provide coverage. (See correspondence dated March 1, 2022, attached as *Exhibit 3*).

## VII.    THE INSURANCE CONTRACT

13. On or about February 11, 2021, Plaintiff issued the Policy to Defendant, bearing policy number CPP 100054976-01, with an effective period of February 11, 2021 to February 11, 2022.

14. The Named Insured, as stated in the Common Policy Declarations, is Nickson General Contractors, Inc.

15. Although the Policy contains numerous forms and endorsements, the relevant form with respect to the claim for coverage by Defendant is the Installation Floater Coverage Form (IM 700 08 10).

16. IM 7100 08 10 (Installation Floater Coverage) provides:

> In this coverage form, the words "you" and "your" mean the persons or organizations named as the insured on the declarations and the words 'we', 'us,' and 'our' mean the company providing this coverage."
>
> * * * * *
>
> **PROPERTY COVERED**
>
> "We" cover only the following property and only to the extent property is not otherwise excluded or subject to limitations.
>
> 1. **Coverage –** "We" cover direct physical loss or damage caused by a covered peril to:
>
>     a. "your" materials, supplies, fixtures, machinery, or equipment; and
>
>     b. similar property of others that is in "your" care, custody, or control
>
>     while at "your" "jobsite" and that "you" are installing, constructing, or rigging as part of an "installation project."
>
> 2. **Coverage Limitations –**
>
>     a. "We" only cover materials, supplies, machinery, fixtures, and equipment that will become a permanent part of "your" completed "installation project."

4

\* \* \* \* \*

3. **We Do Not Cover —** "We" do not cover materials, supplies, fixtures, machinery, or equipment that "you" are not or will not be installing, constructing, or rigging.

\* \* \* \* \*

**PROPERTY NOT COVERED**

\* \* \* \* \*

4. **Machinery, Tools or Equipment –** "We" do not cover machinery, tools, equipment, or similar property that will not become a permanent part of "your" "installation project".

\* \* \* \* \*

**DEFINITIONS**

\* \* \* \* \*

4. "Installation project" means an installation or construction project including, but not limited to, a repair or maintenance project that involves the installation, construction, or rigging of materials, supplies, fixtures, machinery, or equipment.

5. "Jobsite" means any location, project, or work site where "you" are involved in the installation, construction, or rigging of materials, supplies, fixtures, machinery, or equipment.

## VIII.    DECLARATORY JUDGMENT

16. All allegations in this Complaint are re-alleged as through stated verbatim herein.

17. Based on the current allegations, as well as the language of the policies, Plaintiff's investigation reveals that there is no coverage in the policy under the terms, conditions, limitations, and endorsements and exclusions relating to the Defendant's loss. Accordingly, Plaintiff is not obligated to indemnify, reimburse, compensate or otherwise pay defendant for the claimed loss and damage.

18. Plaintiff notified Defendant through letter dated June 29, 2021, that there was no coverage available under the policy. (See *Exhibit 2*).

19. Defendant has disputed Plaintiff's denial of coverage and demanded payment for Defendant's total loss in the amount of $381,986.83. (See *Exhibit 3*).

20. There is an actual controversy and a bona fide dispute as to whether Plaintiff must reimburse, compensate, or otherwise pay Defendant for the claimed loss and damage.

## IX.    REQUEST FOR RELIEF

21. Wherefore, Plaintiff requests judgment as follows:

    a.  A declaration that Plaintiff is not obligated to indemnify, reimburse, compensate or otherwise pay defendant for the claimed loss and damage.

    b.  Such other and further relief as this court may deem proper and just.

This the 27th day of April, 2022.

Respectfully submitted,

s/James M. Smith
TN BPR No. 034919
Hagwood and Tipton, P.C.
P.O. Box 726
Paris, TN 38242
Telephone: (731) 540-4774
Fax: (866) 542-3999
Email: jsmith@hatlawfirm.com